Cabell, J.
A debtor owing a debt consisting of principal and interest, and making a partial payment, Has a right to direct its application to so much of the principal, in exclusion of the interest; and the creditor, if he receives it, is bound to apply it accordingly. And it is the general rule of law that interest shall not bear interest. This rule of law will, however, yield to the agreement of the parties, express or implied. If therefore a debtor, in consideration of forbearance, agrees with the creditor that he will pay interest on interest heretofore accrued, that agreement will be enforced. So also, I apprehend, if a debtor, in consideration of forbearance, agrees that he will, on a future *485 day, pay the interest heretofore accrued, and fails to pay it on the day, a jury or a court of chancery will give interest on the amount of that interest, after the expiration of the day. This, however, is on the ground that the contract of the parties has converted the inter „ rest into a debt. But the circumstances of this case negative the idea of any such contract. There is no agreement on the part of Pindall to pay the interest, not even that which had previously accrued. The stipulation is that the bank shall be at liberty to pursue its legal remedy by execution on the original, judgment, without suing out a scire facias; a proceeding which would not allow the recovery of interest upon interest.
I am therefore of opinion that the court of chancery erred in giving interest on the interest. The decree must be reversed, and one entered up for 1450 dollars 6 cents, with the costs in the court of chancery.
The other judges concurring, decree reversed accordingly.